IN THE SUPREME COURT OF TENNESSEE
January 6, 2021 Session

## CYNTHIA E. YEBUAH ET AL. v. CENTER FOR UROLOGICAL TREATMENT, PLC

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 14C4972   Joseph P. Binkley, Jr., Judge**

———————————————————

**No. M2018-01652-SC-R11-CV**

———————————————————

SHARON G. LEE, J., with whom CORNELIA A. CLARK, J., joins, dissenting.

This case illustrates how the damages cap statute, Tennessee Code Annotated section 29-39-102, deprives injured plaintiffs of fair compensation by arbitrarily limiting their awards for noneconomic damages. Cynthia Yebuah and her husband, Eric Yebuah, suffered noneconomic damages because of the carelessness of Mrs. Yebuah's surgeon. Based on the evidence at trial, a jury awarded Mrs. Yebuah more than $750,000 in noneconomic damages for her pain and suffering and loss of enjoyment of life and awarded Mr. Yebuah less than $750,000 for his loss of consortium. The issue here is whether the trial court must apply the $750,000 statutory cap on noneconomic damages separately to each of the Yebuahs' awards or to the combined total of their awards. If the cap is applied separately to each award, the trial court must slash the jury's verdict to Mrs. Yebuah by 81% and allow Mr. Yebuah to recover all of the damages the jury awarded him. If the cap is applied to the combined total of the awards, then the trial court must cut the total award to the Yebuahs by 83%. Neither application can withstand constitutional scrutiny. I decline to choose between these two alternatives; both are unconstitutional violations of the Yebuahs' right to trial by jury. *See McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686, 701–09 (Tenn. 2020) (Lee, J., dissenting).

Under the damages cap statute, a trial court must set aside any part of the jury's verdict that exceeds the arbitrary, one-size-fits-all statutory cap on noneconomic damages. *Id.* at 701–02. The damages cap statute reduces the jury's role to a "mere procedural formality." *Id.* at 702. Yet the Tennessee Constitution unconditionally guarantees that "the right of trial by jury shall remain inviolate." Tenn. Const. art. I, § 6; *accord* Tenn. Const. of 1796, art. XI, § 6; Tenn. Const. of 1834, art. I, § 6.

The jury heard evidence that Mrs. Yebuah suffered pain and discomfort for eight years after her surgeon carelessly left a plastic ring measuring over five inches in diameter inside her abdominal cavity. The plastic ring became interwoven with her small bowel loops, causing chronic inflammation and scar tissue that adhered to her bowel in multiple places. For eight years, Mrs. Yebuah did not know the cause of her physical problems. She endured a complicated and painful surgery to remove the plastic ring after it was discovered by another doctor. The jury listened to Mrs. Yebuah describe her suffering and how the pain disrupted her intimate relationship with her husband. Jurors also listened to Mrs. Yebuah's husband explain that he and his wife had always been very close, and some members of their church even called them "lovebirds." According to Mr. Yebuah, their "perfect" intimate relationship changed over the eight years because of the pain Mrs. Yebuah endured from her surgeon's carelessness.

After considering the evidence, the jury performed its duty by deciding the "type and amount of damages awarded to the plaintiff[s]." *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 308 (Tenn. 2017) (citing *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 419–20 (Tenn. 2013)). "We trust jurors to use their personal experiences and sensibilities to value the intangible harms such as pain, suffering, and the inability to engage in normal activities." *Meals*, 417 S.W.3d at 425.

In sum, the jury did its job by returning a verdict that fairly compensated Mr. and Mrs. Yebuah for their noneconomic losses. By requiring the trial court to set aside an arbitrary amount of the jury's verdict, the statutory cap violates the Yebuahs' constitutional right to a trial by jury. Thus, whether the statutory cap on noneconomic damages is applied to individual or combined verdicts, the cap remains unconstitutional.

I respectfully dissent. I am authorized to state that Justice Clark concurs in this dissent.

_____
SHARON G. LEE, JUSTICE